# Constitutional Counsel Group

444 W Ocean Blvd., Suite 1403 * Long Beach, CA 90802

John C. Eastman
jeastman@ccg1776.com
(909) 257-3869
Member: U.S. Supreme Court Bar
Not Admitted in California

Alexander Haberbush
ahaberbush@ccg1776.com
(562) 435-3456
Member: California Bar

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAY 18 2026

RECEIVED

May 13, 2026

Mr. Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave NW
Washington, DC 20001

Re: Notice of Discipline

Dear Mr. Cislak:

I was admitted to the bar of this Court on December 21, 2001. Bar Number 47928.

I hereby provide notice that the Supreme Court of California issued an order of disbarment against me on April 15, 2026. *In re John Charles Eastman on Discipline*, No. S292011 (Cal. S. Ct. April 15, 2026). That order is attached hereto as Exhibit A.

I respectfully request that any referral to the Committee on Admissions and Grievances or issuance of an Order to Show Cause, as described in Rule 4(A) of the Rules of Disciplinary Enforcement for the United States Court of Appeals for the D.C. Circuit, be held in abeyance at this time for two reasons. First, I will be filing a petition for writ of certiorari with the Supreme Court of the United States challenging the California Supreme Court's disbarment decision on the ground, *inter alia*, that the order of disbarment significantly deviates from controlling Supreme Court First Amendment precedent.

Second, holding the referral of this matter to a disciplinary panel and the issuance of an Order to Show Cause in abeyance until resolution of that petition for writ of certiorari would obviate the need for this Court to undertake at this time (or ever, if the Supreme Court petition and merits decision is successful) the independent assessment of the voluminous California Bar Court record required by the Supreme Court's decision in *Selling v. Radford*, 243 U.S. 46 (1917), and reiterated several times since. *See, e.g.*, *Theard v. United States*, 354 U.S. 278, 281-282 (1957); *In re Ruffalo*, 390 U.S. 544, 547 (1968). In *Selling*, the Supreme Court held that when determining whether to revoke admission to its bar, the federal courts are required to conduct an independent, de novo assessment of the record ("an intrinsic consideration of the state record," *Selling*, 243 U.S at 51) to determine whether the state procedure was wanting in due process, or

there was such an infirmity of proof as to give rise to a clear conviction that the state determination should not be accepted, or there was "some other grave reason" to not give the state judgment effect.

I intend to present evidence sufficient to support this Court's rejection of the California decision on all three grounds, but neither that, nor this Court's "intrinsic consideration," will be required if the Supreme Court grants my forthcoming petition and overturns the disbarment decision. I am not currently serving as counsel in any matter pending before this Court and do not anticipate any additional client representation in this Court prior to resolution of his forthcoming petition for writ of certiorari with the Supreme Court of the United States.

Wherefore, I respectfully request that any referral to the Committee on Admissions and Grievances or issuance of an Order to Show Cause be held in abeyance until final resolution of my forthcoming petition for writ of certiorari with the Supreme Court of the United States and any subsequent merits ruling by that Court.

Sincerely,

J Eastman

John C. Eastman

EXHIBIT A

SUPREME COURT
FILED

APR 15 2026

Jorge Navarrete Clerk

Deputy

State Bar Court - No. SBC-23-O-30029

**S292011**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JOHN CHARLES EASTMAN on Discipline.

---

The petitions for review are denied.

The court orders that John Charles Eastman (Respondent), State Bar Number 193726, is disbarred from the practice of law in California and that Respondent's name is stricken from the roll of attorneys.

Respondent must comply with California Rules of Court, rule 9.20, and perform the acts specified in (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the date this order is filed. (*Athearn v. State Bar* (1982) 32 Cal.3d 38, 45 [the operative date for identification of clients being represented in pending matters and others to be notified is the filing date of this order].) Failure to do so may result in denial of any future application for reinstatement. (Cal. Rules of Court, rule 9. 20(d).)

Respondent must pay monetary sanctions to the State Bar of California Client Security Fund in the amount of $5,000 in accordance with Business and Professions Code section 6086.13 and rule 5.137 of the Rules of Procedure of the State Bar. Monetary sanctions are enforceable as a money judgment and may be collected by the State Bar through any means permitted by law.

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment, and may be collected by the State Bar through any means permitted by law.

Any monetary requirements imposed in this matter shall be considered satisfied or waived when authorized by applicable law or orders of any court.

GUERRERO

*Chief Justice*